**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| American Credit Acceptance, LLC, <br>     *Plaintiff*, <br><br> vs. <br><br> Patriot Credit Corporation, Freedom Auto Sales, Inc., Mark B. Davis, Kenneth E. Davis, and John M. Weddige, <br>     *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:15-CV-388 |

**DEFENDANT JOHN M. WEDDIGE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

Defendant John M. Weddige ("Weddige") answers Plaintiff's First Amended

Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Weddige lacks knowledge or information sufficient to form a belief about

the truth of Plaintiff's allegations concerning its citizenship in paragraph 1.

2.      Weddige lacks knowledge or information sufficient to form a belief about

Plaintiff's allegations in paragraph 2.

3.      Weddige lacks knowledge or information sufficient to form a belief about

Plaintiff's allegations in paragraph 3.

4.      Weddige admits the allegations contained in paragraph 4.

5.      Weddige admits the allegations contained in paragraph 5.

6.      Weddige admits the allegations contained in paragraph 6.

7.      Weddige admits the allegations contained in paragraph 7.

8.      As set forth in paragraph 1, Weddige lacks knowledge or information sufficient to form a belief about Plaintiff's citizenship. Therefore, Weddige also lacks knowledge or information sufficient to form a belief about the existence of diversity jurisdiction. Weddige admits that there is more than $75,000 in controversy.

9.      Weddige admits the allegations contained in paragraph 9.

## FACTUAL ALLEGATIONS

### A.      The Credit Agreement and Defendants' Alleged Breach Thereof.

10.      Weddige admits that Plaintiff American Credit Acceptance ("ACA") entered into a "Credit Agreement" with Patriot Credit Corporation ("PCC") on or about August 23, 2013.  Weddige admits that ACA loaned PCC money pursuant to the terms of the Credit Agreement for the purposes set forth in the Credit Agreement. Weddige admits that he was a party the Credit Agreement solely as a guarantor. Weddige further admits that Defendants Mark E. Davis ("M. Davis"), Kenneth E. Davis ("K. Davis"), and Freedom Auto Sales, Inc. ("Freedom Auto") were also parties to the Credit Agreement as guarantors. Weddige admits that **Exhibit 1** to Plaintiff's Complaint is a true and correct copy of the Credit Agreement. Otherwise, the Credit Agreement speaks for itself and all other stated or implied allegations in paragraph 10 are denied.

11.      Weddige admits the allegations contained in paragraph 11.

12.     Weddige admits that there was a dispute between Plaintiff and Defendants concerning the Credit Agreement. All other stated or implied allegations in paragraph 12 are denied.

13.     Weddige admits that ACA filed a lawsuit ("Lawsuit") against PCC and others on January 21, 2014 in Travis County, Texas over a dispute relating to the Credit Agreement. Weddige admits that Plaintiff has correctly described the style of the Lawsuit. All other stated or implied allegations in paragraph 13 are denied.

**B.      The Settlement Agreement.**

14.     Weddige admits the allegations contained in paragraph 14.

15.     Weddige admits the allegations contained in paragraph 15 with respect to the Settlement Agreement (Exhibit 2 to Plaintiff's First Amended Complaint). Weddige was not a party to the First Amendment to Receivables Purchase Agreement (Exhibit 3 to Plaintiff's First Amended Complaint) and denies he has any obligations pursuant to it. With regard to all allegations concerning the First Amendment to Receivables Purchase Agreement in this or any other paragraph, Weddige lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16.     Weddige admits the allegations contained in paragraph 15 with respect to the Settlement Agreement (Exhibit 2 to Plaintiff's First Amended Complaint). Weddige was not a party to the First Amendment to Receivables Purchase Agreement (Exhibit 3 to Plaintiff's First Amended Complaint) and denies he has any obligations pursuant to it. With regard to all allegations concerning the First Amendment to

Receivables Purchase Agreement in this or any other paragraph, Weddige lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17.     Weddige admits the allegations contained in paragraph 17.

18.     Weddige admits the allegations contained in paragraph 18.

19.     Weddige admits the allegations contained in paragraph 19.

20.     Weddige admits the allegations contained in paragraph 20 with the exception of Plaintiff's characterization of a particular term of the Settlement Agreement as especially "significant" which is denied.

21.     Weddige admits the allegations contained in paragraph 21.

C.     **Defendants' Breach of the Settlement Agreement.**

1.     *Defendants Allegedly Fail to Deliver the Certificates of Title for the Subject Vehicles.*

22.     Weddige denies that he participated in the acts Plaintiff alleges occurred in paragraph 22. Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations as to any other Defendant.

23.     Weddige denies causing Plaintiff any damages. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 23.

2.     *Defendants Allegedly Obtain Possession of the Fusion and Allegedly Sell the Same Without ACA's Permission.*

24.     Weddige denies possessing the Fusion. With regard to the other Defendants and Plaintiff's knowledge, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 24.

25.     Weddige denies knowing anything about the Fusion coming into the possession of any other Defendant and so, Weddige was never in a position to notify ACA about that alleged fact. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 25.

26.     Weddige denies involvement in selling the Fusion. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 26.

27.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 27.

28.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 28.

29.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 29.

30.     Weddige denies causing Plaintiff any damages. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 30.

### 3.     *Defendants Allegedly Obtain Possession of the Tahoe and Allegedly Sell the Same Without ACA's Permission.*

31.     Weddige denies coming into possession of the Tahoe. With regard to the other Defendants and Plaintiff's knowledge, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 31.

32.     Weddige denies knowing anything about the Tahoe coming into the possession of any other Defendant and so, Weddige was never in a position to notify ACA about that alleged fact. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 32.

33.     Weddige denies involvement in selling the Fusion. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 33.

34.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 34.

35.     Weddige denies causing Plaintiff any damages. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 35.

### 4.     *Defendants Allegedly Obtain Possession of the G6 and Allegedly Sell the Same Without ACA's Permission.*

36.     Weddige denies coming into possession of the G6. With regard to the other Defendants and Plaintiff's knowledge, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 36.

37.     Weddige denies knowing anything about the G6 coming into the possession of any other Defendant and so, Weddige was never in a position to notify ACA about that alleged fact. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 37.

38.     Weddige denies involvement in selling the Fusion. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 38.

39.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 39.

40.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 40.

41.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 41.

42.     Weddige denies causing any of Plaintiff's damages. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 42.

## COUNT I – BREACH OF CONTRACT

43.     Weddige incorporates his responses to the paragraphs incorporated by Plaintiff.

44.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 44.

45.     Weddige denies that he breached the Settlement Agreement in the manner alleged. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 45.

46.     Weddige denies that he caused any damages to Plaintiff. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 46.

47.     Weddige denies causing Plaintiff any damages and further denies the amount of damages alleged in paragraph 47.

48.     Weddige denies that he is liable to Plaintiff for any damages, including but not limited to costs and attorneys' fees.

49.     Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 49. Weddige denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer from Weddige.

## COUNT II – CONVERSION

50.     Weddige incorporates his responses to the paragraphs incorporated by Plaintiff.

51.      Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 51.

52.     Weddige denies that he withheld the Subject Titles from ACA in any respect whatsoever (willfully, knowingly or otherwise). With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 52.

53.     Weddige denies that he caused any damages to Plaintiff and further denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer from Weddige. With regard to the other Defendants, Weddige lacks knowledge or

information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 53.

## COUNT III – FRAUD

54.    Weddige incorporates his responses to the paragraphs incorporated by Plaintiff.

55.    Weddige denies making the representation alleged in paragraph 54 and that he ever came into possession of any of the Subject Vehicles. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 55.

56.    Weddige denies making the representation alleged in paragraph 56 and that he was in possession of the Subject Titles. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 56.

57.    Weddige denies the allegations in paragraph 57 with respect to himself. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 57.

58.    Weddige denies the allegations in paragraph 58 with respect to himself. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 58.

59.    Weddige denies the allegations in paragraph 59 with respect to himself. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 59.

60.     Weddige denies the allegations in paragraph 60 with respect to himself. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 60.

61.     Weddige denies that he caused Plaintiff any damages or that Plaintiff relied on any representation of his. With regard to the other Defendants, Weddige lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 61.

## AFFIRMATIVE DEFENSES

62.     To the extent Plaintiff seeks recovery for tort claims, Weddige relies upon the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code. Weddige's responsibility, if any, for Plaintiff's claimed injuries or damages must be compared to that of the other parties, including Plaintiff. In the very unlikely event that Weddige is found jointly and severally liable for Plaintiff's damages, he asserts a claim for contribution against his co-defendants as set forth below.

63.     Plaintiff is not entitled to punitive or exemplary damages under Texas law. Weddige relies upon the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code which defines and limits such awards.

## CROSS-CLAIMS

### *Facts*

64.     Weddige entered into an agreement on behalf of himself and Freepat, LLC ("Freepat") with Freedom on March 3, 2014 ("Exit Agreement"). Weddige was forced into the Exit Agreement by Freedom, M. Davis and K. Davis with the threat

that Freedom would file for bankruptcy and discharge the substantial debts that Freedom owed Freepat. As a result of that agreement, Weddige ceased to be a shareholder in Freedom. Since that time, Weddige has not participated personally in the business operations of Freedom or Patriot. Weddige did not even reside in Austin, Texas during the time frame in which the acts and omissions at issue are alleged to have occurred. Freedom, Patriot, M. Davis or K. Davis were responsible for all of the acts and omissions about which Plaintiff complains. Weddige had no involvement whatsoever with regard to the disposition of the Subject Vehicles or the various breaches of the Settlement Agreement alleged by Plaintiff. Weddige did not convert property owned by Plaintiff. Nor did Weddige make any of the representations which Plaintiff claims were fraudulent. Weddige was not in a position to provide information to Plaintiff or to intentionally withhold it.

### *Contribution*

65.    Given the foregoing facts as set forth above, Weddige has no direct liability to Plaintiff whatsoever. With regard to the tort claims Plaintiff has brought, Weddige's responsibility, if any, must be compared with that of Plaintiff and his co-defendants pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code. In the very unlikely event that Weddige is found jointly and severally liable for Plaintiff's alleged damages, he asserts his rights to contribution as set forth in Chapters 32 and 33 of the Texas Civil Practice & Remedies Code against any other defendant(s) found liable to Plaintiff.

### *Indemnification*

66.     Given the foregoing facts as set forth above, in the unlikely event Weddige is found at all liable for Plaintiff's claimed damages, he brings a claim for indemnification against Freedom, Patriot, M. Davis and K. Davis. Since Weddige is not responsible for any of the acts or omissions complained about by Plaintiff, he is at most, vicariously liable for the acts and omissions of Freedom, Patriot, M. Davis and K. Davis. Weddige is entitled to complete indemnification by his co-defendants for any damages awarded against him to Plaintiff as well as any damages he incurs as a result of the institution of this action, including his attorney's fees and costs.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant John M. Weddige prays that:  Plaintiff take nothing, he be dismissed from this action, he be awarded court costs, he receive contribution from his co-defendants as allowed by law, he be indemnified fully by his co-defendants for any damages awarded against him as well as for his attorney's fees and costs, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

By:    **/s/ Trek Doyle**
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com
512.480.4892

Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
512.480.4891

Doyle & Seelbach PLLC
12600 Hill Country Blvd., Suite R-275
Austin, Texas 78738
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*
*JOHN M. WEDDIGE*



## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document(s) have been sent by fax and electronic mail on the 6th day of August, 2015, to the following:

Marshal W. Dooley
14228 Midway Road
Suite 214
Dallas, Texas 75244
mdooley@dooley-law.com
972.421.1850 fax
972.330.4455 phone
*Attorney for Defendants Patriot Credit Corporation, Freedom Auto Sales, Inc., Mark B. Davis, and Kenneth E. Davis*

Reid S. Manley
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
rmanley@burr.com
205.251.3000 phone
205.458.5100 fax
*Attorney for Plaintiff American Credit Acceptance, LLC*